```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YAKOV SLEPOY,                                                NOT FOR PRINT OR
                                                             ELECTRONIC PUBLICATION
                        Plaintiff,
                                                             MEMORANDUM
        -against-                                            AND ORDER

ALAN AUGENBRAUN,                                             10-CV-2046 (ARR)

                        Defendant.
------------------------------------------------------------x
```
ROSS, United States District Judge:

On May 4, 2010, plaintiff Yakov Slepoy, appearing *pro se*, filed this civil action against defendant Augenbraun. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed as set forth below.

## Background

Plaintiff alleges that the:

> office of the defendant who is the manager falsified mailing address of the plaintiff many times. As a result, plaintiff did not receive the invitation for the hearing which took place on 12/31/2008. In January 2009 plaintiff was given the falsified documents in the defendants office. Defendant said to plaintiff in person, in witnesses that plaintiff will be killed anyway.

Compl. at ¶ III. Plaintiff seeks "justice and monetary compensation." Id. at ¶ IV. A review of the documents attached to the complaint reveals that defendant Augenbraun is the Field Office Manager for the Social Security Administration office located at 2250 Nostrand Avenue, Brooklyn, NY 11210 where plaintiff applied for disability and supplemental security income ("SSI") benefits. See Compl., Unmarked Exhibits at 8, 42-43.[1] Plaintiff has been granted disability benefits, but not SSI benefits at this time. See Compl., Unmarked Exhibits 26-29, 43-45.

---

[1] The court refers to the page numbers assigned by the Electronic Case Filing (ECF) system.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

## Discussion

Based on plaintiff's attached submissions, it appears that his initial disability application was denied on December 10, 2008. See Compl., Unmarked Exhibit, "Notice of Disapproved Claim" at 17-20. This notice does not contain a complete address for plaintiff and he alleges that he missed his opportunity to request a hearing because of this failure. Compl. at ¶ III. However, plaintiff's other submissions belie this claim as he or his attorney requested a hearing on December 31, 2008 and his disability benefits application was ultimately granted on December 23, 2009. See Compl., Unmarked Exhibit, "Notice of Decision-Fully Favorable," at 28. Plaintiff also applied for SSI benefits which appears to be pending before the Social Security Administration. See Compl., Unmarked Exhibit, "Statement Summary" dated January 28, 2010, at 31, 35-41; Letter from Augenbraun dated January 19, 2010, at 42-43. That letter reflects plaintiff's correct address. Id.

Although plaintiff names a federal employee of the Social Security Administration as the defendant, he fails to state a claim against this defendant. For example, plaintiff does not challenge the denial of any benefits. In fact, plaintiff received a favorable decision on his disability application. In any event, the proper defendant in a lawsuit for the denial of social security benefits is the Commissioner of Social Security, not an individual employee. See 42 U.S.C. § 405(g). Instead, plaintiff alleges that defendant "falsified [his] mailing address on purpose many times" and "said to plaintiff in person in [front of] witnesses that plaintiff will be killed anyway," Compl. at ¶ III. Plaintiff's attached submissions show only one document from defendant's office that contains an incomplete address and also show that he was not prejudiced by that omission since a hearing was requested on the initial denial of his disability application. To the extent plaintiff alleges that defendant threatened him, he fails to state a claim against defendant Augenbraun. See, e.g., Mroz v. City of Tonawanda, 999 F.Supp. 436, 465 (W.D.N.Y. 1998) (citing Beal v. City of New York, No. 92 Civ. 718, 1994 WL 163954, at *6 (S.D.N.Y. Apr. 22, 1994) (granting defendant police officer's motion for summary judgment dismissing § 1983 claim based in part on alleged use of foul language and threats of bodily harm to plaintiff), aff'd, 89 F.3d 826 (2d Cir. 1995)).

### Warning

In a short time, plaintiff has filed five *pro se* cases seeking *in forma pauperis* status. See Slepov v. City of New York, No. 10-CV-1814 (ARR) (filed Apr. 22, 2010); Slepov v. Kliger, No. 10-CV-1888 (ARR) (filed Apr. 27, 2010); Slepov v. Simkhovich, No. 10-CV-1889 (ARR) (filed Apr. 27, 2010); Slepov v. Law Office of Bukh and Associates, et al., No. 10-CV-2045 (ARR) (filed May 4, 2010). Plaintiff is advised and cautioned that "[t]he district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an

unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

## Conclusion

Accordingly, this complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The court cautions plaintiff that if he continues to file similar actions it may result in an order prohibiting plaintiff from filing any future lawsuit seeking *in forma pauperis* status in this court without first obtaining leave of the court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied in each action for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: May 11, 2010
Brooklyn, New York